10-3450-ag
Kumar v. Holder

BIA
Burr, IJ
A074 849 052

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of April, two thousand twelve.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge,*
 RAYMOND J. LOHIER, JR.,
 SUSAN L. CARNEY,
  *Circuit Judges.*

_____

BALRAM KUMAR,
  *Petitioner,*

  v.                                    10-3450-ag
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Melissa Neiman-Kelting,
                       Senior Litigation Counsel;
                       Christopher Buchanan, Trial
                       Attorney, Office of Immigration
                       Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Balram Kumar, a native and citizen of India, seeks review of the August 16, 2010, decision of the BIA: (1) affirming an October 23, 2008, decision of an Immigration Judge ("IJ") pretermitting his application for asylum as untimely and denying his applications for withholding of removal and CAT relief; and (2) denying his motion to remand. *In re Balram Kumar*, No. A074 849 052 (B.I.A. Aug. 16, 2010), *aff'g* No. A074 849 052 (Immig. Ct. N.Y. City Oct. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the agency's pretermission of Kumar's untimely asylum application. *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Kumar's only contention is that the agency mischaracterized his explanation for the untimely filing of his application. A petitioner cannot

2

"secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion"). *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006). Accordingly, we dismiss the petition for review to the extent it challenges the agency's pretermission of his asylum application. *See* 8 U.S.C. § 1158(a)(3). Nevertheless, we may review the agency's denial of withholding of removal and CAT relief.

We consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For applications, such as this one, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on . . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . without regard

3

to whether an inconsistency . . . goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination.  The agency reasonably relied on inconsistencies between Kumar's asylum application and hearing testimony. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3.  Nor would a reasonable fact finder be compelled to credit Kumar's explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Accordingly, because Kumar based his applications for withholding of removal and for CAT relief on the same factual predicate that the agency found not credible, both claims necessarily fail.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Kumar does not challenge the BIA's denial of his motion to remand.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk